UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHERE SOUTHER, Power of Attorney for Matthew Souther,<br><br>     Plaintiff,<br>v.<br><br>NEZ PERCE TRIBE JUDICIAL SERVICES,<br><br>     Defendant. | Case No.  3:23-cv-00246-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Presently before the Court is Defendant's Motion to Dismiss.  (Dkt. 4.)  The motion is fully briefed and at issue.  The facts and legal arguments are adequately presented in the briefs and record.[1]  Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will decided based on the record without oral argument pursuant to Local Rule 7.1(d)(1).  For the reasons that follow, the Court will grant the motion.

---

[1] The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. 10.)

MEMORANDUM DECISION AND ORDER — 1

## BACKGROUND

On May 11, 2023, Plaintiff Chere Souther, as power of attorney for Matthew Souther, filed her complaint alleging that Defendant Nez Perce Tribe Judicial Services ("Tribal Court") deprived Matthew Souther of his right to a fair trial in violation of 42 U.S.C. § 1983.  (Dkt. 1.)  There appear to be two separate Tribal Court cases underlying the complaint.  The first case is the Petition to Initiate Probate of Non-Trust Estate filed by Kathy Taylor, as heir to the estate of her mother, Mary Jane Souther.  Nez Perce Tribal Ct. No. PR.22-001.  The second case is a civil case for eviction filed by Kathy Taylor, on March 2, 2022, against Mr. Souther.  Nez Perce Tribal Ct. No. CV.22-022.

## LEGAL STANDARD

A defendant may move to dismiss for lack of subject matter jurisdiction in federal court pursuant to Fed. R. Civ. P. 12(b)(1) in one of two ways.  *See Thornhill Publ'g Co., Inc. v. General Tel. & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction.  *Id.*  On the other hand, the defendant may instead launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact."  *Id.*  A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence.  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 819 F.2d 1553, 1558 (9th Cir. 1987).  "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of dispute material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Thornhill*, 594 F.2d at 733.

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction [pursuant to a "factual attack"]…where issues of jurisdiction and substance are intertwined.  A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of fact issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "When a statute provides the basis for both the subject jurisdiction of the federal court and the plaintiff's substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction, rather than for failure to state a claim, is proper only when the allegations of the complaint are frivolous." *Id.*  In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

When considering a motion to dismiss based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). The burden is on the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper.  *Tosco Corp. v. Communities for a Better Environ.*, 236 F.3d 495, 499 (9th Cir. 2001); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).  "[S]overeign immunity is a question of subject matter jurisdiction." *United States v. Nye Cnty., Nev.*, 178 F.3d 1080, 1089 n. 12 (9th Cir. 1999).

## DISCUSSION[2]

Because the Nez Perce Tribe retains sovereign immunity from suit, there is no jurisdictional basis for the Court to proceed on Plaintiff's claims. The doctrine of tribal immunity stems in part from the recognition that tribal sovereignty predates the U.S. Constitution. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978). The Nez Perce Tribe's sovereignty predates the U.S. Constitution, as reflected in\ three treaties with the United States. *Treaty with the Nez Perces*, June 11, 1855, 12 Stat. 957; *Treaty with the Nez Perces*, June 9, 1863, 14 Stat. 647; *Treaty with the Nez Perces*, August 13, 1868, 15 Stat. 693. The Nez Perce Tribe is a federally recognized Indian tribe. *Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs*, 75 Fed. Reg. 60810, 60812 (Oct. 1, 2010).

The Supreme Court of the United States has recognized Congress's commitment to a "policy of supporting tribal self-government and self-determination." *Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985). As such, sovereign immunity applies not only to the Tribe, but extends to services or entities that act as an "arm of the Tribe." *Allen v. Gold Country Casino*, 464 F.3d 1044, 10146 (9th Cir. 2006). The Tribal Court asserts that it is an extension of Nez Perce Tribe, authorized to act on the Tribe's behalf. Plaintiff does not refute this assertion.

---

[2] In addition to sovereign immunity, the Tribal Court contends that Mr. Souther's failure to exhaust bars Plaintiff's claim before the Court, and that Plaintiff lacks standing to file this claim as the Power of Attorney for Mr. Souther. However, the Court will not address either contention, because the issue of sovereign immunity is determinative.

Because this action is brought only against the Tribal Court—an entity authorized to act as an extension of the Nez Perce Tribe, to whom the immunity applies—the question becomes whether the immunity has been waived or this suit is one that is otherwise allowed as a matter of law. The Supreme Court of the United States has clearly held that Indian tribes are subject to suit only where Congress has authorized the suit or the tribe has waived its sovereign immunity. *See Nez Perce Tribe v. Idaho Power Co.*, 847 F. Supp. 791, 806 (D. Idaho 1994) (citing *Kiowa Tribe of Oklahoma v. Mfg. Tech.*, 523 U.S. 751 (1998)). "A waiver of sovereign immunity for Indian tribes 'cannot be implied but must be unequivocally expressed.'" *Nez Perce Tribe*, 847 F. Supp. at 806. These cases do not establish that a Tribe can execute an express waiver solely by violating a statute or arguably acting beyond the scope of its sovereign powers as alleged here by Plaintiff. *Santa Clara Pueblo*, 436 U.S. at 59.

The Court finds neither waiver nor congressional authorization support Plaintiff's claim asserted against the Tribal Court in this action. First, the Nez Perce Tribe has not waived sovereign immunity from the suit. A tribe's waiver of sovereign immunity cannot be implied and must be clear. *Oklahoma Tax Comm'n*, 498 U.S. at 509. Tribes may waive its sovereign immunity under limited circumstances in contracts. *See Am. Vantage Cos. v. Table Mountain Rancheria*, 292 F.3d 1091, 1099 (9th Cir. 2002). However, there is no evidence here that the Nez Perce Tribe has entered into any contract with Plaintiff or Mr. Souther purporting to include a clear waiver from any suits related to evictions. Therefore, the Nez Perce Tribe did not expressly waive its sovereign immunity in this case.

**MEMORANDUM DECISION AND ORDER — 5**

Second, Congress has not authorized the suit.  Here, Plaintiff alleges the Tribal Court has violated Mr. Souther's civil rights by depriving him of his right to a fair trial.[3] Because the Plaintiff is only suing a tribal defendant, unless she includes factual allegations that the Tribal Court was acting pursuant to state law, Plaintiff's claim, if any, would arise under the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1301-1303.  ICRA "extended to tribes most (but not all) of the civil protections of the Bill of Rights." *Tavares v. Whitehouse*, 851 F.3d 863, 866-67 (9th Cir. 2017).   Specifically, the ICRA sets forth that, "No Indian Tribe in exercising powers of self-government shall deny any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law."  25 U.S.C. § 1302(a)(8).  Although Title I of the ICRA lists a number of substantive rights afforded to individuals that serve to restrict the power of tribal governments, Title I does not establish or imply a federal civil cause of action to remedy violations of [Section] 1302."  *See Shenandoah v. U.S. Dep't of Interior*, 159 F.3d 708, 713 (2d Cir. 1998) (citing *Santa Clara Pueblo*, 436 U.S. at 72); *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 884 (2d Cir. 1996).  Rather, "because [Section 1303] provides the exclusive federal remedy for tribal violations of the ICRA, unless a petitioner is in 'detention by order of an Indian tribe,' the federal courts

---

[3] In her complaint, Plaintiff names the Tribal Court as the only defendant. (Dkt. 1 at 2.)  Plaintiff alleges that the Tribal Court, in its "official capacity," deprived Mr. Souther of his right to a fair trial pursuant to 42 U.S.C. Section 1983.  (Dkt. 1 at 3.)  However, Congress has not expressly authorized Section 1983 suits against Indian tribes.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989) ("in enacting [Section] 1983, Congress did not intend to override well-established immunities or defenses under the common law"); *cf. Inyo County v. Paiute-Shoshone Indians*, 538 U.S. 701, 709 (2003). Section 1983 simply is not an appropriate remedy for Plaintiff to invoke federal jurisdiction over her claim.

lack jurisdiction over an ICRA challenge and the complaint must be brought in tribal court. *Id.* at 867 (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978)).

The Supreme Court of the United States explained: "[P]roviding a federal forum for issues arising under [Section] 1302 constitutes an interference with tribal autonomy and self-government beyond that created by change in the substantive law itself." *Santa Clara Pueblo*, 436 U.S. at 59. "Congress' failure to provide remedies other than habeas corpus [in Title I of ICRA] was a deliberate one." *Id.* at 61 (citation omitted.) "Creation of a federal cause of action for the enforcement of rights created under Title I, however useful it might be in securing compliance with [Section] 1302, plainly would be at odds with the congressional goal of protecting tribal self-government." *Id*. at 64. Instead, "[t]ribal forums are available to vindicate rights created by the ICRA[.]" *Id.* at 65. "[E]fforts by the federal judiciary to apply to the statutory prohibitions of [Section] 1302 in a civil context may substantially interfere with a tribe's ability to maintain itself as a culturally and politically distinct entity." *Id.* at 72.

According to the docket, Mr. Souther is not currently "in detention by order of an Indian tribe." Therefore, Plaintiff's due process claim, insofar as the Tribal Court was acting pursuant to tribal law, must be dismissed to be asserted, if appropriate, by Plaintiff in tribal court.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted.

**ORDER**

IT IS HEREBY ORDERED:

1) Defendant's Motion to Dismiss (Dkt. 4) is GRANTED.

2) The Clerk of Court is hereby directed to close the case.

DATED: November 29, 2023

_____

Honorable Candy W. Dale
United States Magistrate Judge